IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.                  CASE NO. 4:21-CR-00052-BSM

BROC LIVINGSTON                                                             DEFENDANT

## ORDER

Broc Livingston's motion to reduce sentence [Doc. No. 31] is DENIED and the Government's motion to dismiss [Doc. No. 34] is GRANTED.  Although Amendment 821 to the Federal Sentencing Guidelines lowers Livingston's criminal history score from 4 to 3, resulting in a new criminal history category of II, he is not entitled to relief.  This is true because Livingston's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ." Doc. No. 24 at 4. Because Livingston knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.  *United States v. Cowan*, 781 F. App'x 571, 571-72 (8th Cir. 2019) (per curiam) (affirming dismissal of a § 3582(c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement). Additionally, the benefit of the plea agreement – avoiding the statutory, mandatory 60 months on Counts 3 and 6 consecutive to his term of imprisonment on Counts 2 and 5– is better than the 14-month reduction he would receive under Amendment 821.

IT IS SO ORDERED this 30th  day of August, 2024.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE